Daniel Libbey
Libbey Law Offices, LLC
604 West Second Avenue
Anchorage, Alaska 99501
Phone: (907) 258-1815
Fax: (907) 258-1822
dan@libbeylaw.com

Colleen Libbey
Libbey Law Offices, LLC
604 West Second Avenue
Anchorage, Alaska 99501
Phone: (907) 258-1815
Fax: (907) 258-1822
colleen@libbeylaw.com

Attorneys for Plaintiffs

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| COURTNEY WAGGONER,<br>Individually, and as parent and next<br>friend on behalf of her Minor Child,<br>K.C.,<br><br>       Plaintiffs,<br><br>vs.<br><br>UNITED STATES OF AMERICA<br><br>       Defendant. | Case No. _____ |

## **COMPLAINT**

COMES NOW PLAINTIFFS, by and through counsel, and for their cause of action

against Defendants UNITED STATES of AMERICA, state and allege as follows:

1. At all times relevant hereto, Plaintiffs were residents of Palmer, Alaska, in the Third Judicial District.

2. At all times relevant hereto, Plaintiff Courtney Waggoner had actual care and custody of Plaintiff K.C., a minor child.

3. At all times relevant hereto, K.C., a minor child, was and is the child of Plaintiff Courtney Waggoner.

4. Plaintiffs reside in the same household.

5. Joint Base Elmendorf Richardson is a military base near Anchorage, Alaska, owned and/or operated jointly by the United States Army and the United States Air Force.

6. At all times relevant hereto, Plaintiff Courtney Waggoner was and is employed at Joint Base Elmendorf Richardson, Alaska (hereinafter "JBER").

7. At all times relevant hereto, Randy Joe Hahn was a resident of JBER, a retired military member, and acting as an employee and/or agent of defendant United States of America.

8. Hillberg Ski Hill is located on JBER, Alaska.

9. The United States Airforce is the aerial warfare service branch of the United States Armed Forces and, for purposes of the instant action, is an agency or instrumentality of Defendant United States of America.

10. The United States Army is the ground warfare service branch of the United States Armed Forces and, for purposes of the instant action, is an agency or instrumentality of Defendant United States of America.

11. This cause of action arises under the Federal Tort Claims Act 28 USC §§ 1346, 2401, and 2671 et seq., and Alaska law.

12. More than six months ago, Plaintiffs submitted their administrative claims on Standard Form 95, to the appropriate federal agency.

13. The federal agency assigned claim number JBER 20-9522 to K.C.'s claim.

14. The federal agency assigned claim number JBER 20-9556 to Ms. Waggoner's claim.

15. The federal agency has failed to respond within six months.

16. On December 21, 2018, Plaintiffs Courtney Waggoner and K.C. were attending the Winterfest event at Hillberg Ski Area on JBER.

17. During this time, Plaintiffs Courtney Waggoner and K.C. were advised by the staff at the Hillberg Ski Area that ski equipment was no longer available to rent.

18. Plaintiffs were offered sleds by the Hillberg Ski Area staff and directed to the designated sledding area.

19. At all relevant times to this action, K.C. was sledding in the area designated for sledding at Hillberg Ski Area.

20. At all relevant times hereto, other children were also sledding in the designated sledding area at Hillberg Ski Area.

21. At all relevant times to this action, Courtney was in the sledding area as well, watching K.C. sledding.

22. At all relevant times to this action, Randy Joe Hahn was operating a snow machine with decal stickers USAF 1, JBER.

23. At all relevant times hereto, while operating snow machine USAF 1, JBER, Randy Joe Hahn was towing a Brute sled and hauling adult and children passengers.

24. At all relevant times hereto, while operating snow machine USAF 1, JBER and hauling adult and children passengers in a Brute sled, Randy Joe Hahn approached the runout to the designated sledding area, where children on sleds were traveling through.

25. A reasonable person exercising ordinary care would have recognized that operating a snow machine hauling adult and children passengers in the runout to the designated sledding area could cause the snow machine and/or sled full of passengers to crash into one or more of the children sledding on the hill.

26. While approaching the runout to the sledding hill, Randy Joe Hahn paused briefly, then began moving again, driving his snow machine and hauling adult and children passengers, directly into the runout area for the designated sledding area.

27. While driving his snow machine and hauling adult and children passengers in the runout to the designated sledding area, Randy Joe Hahn's Brute sled crashed into Plaintiff K.C.

28. Due to Randy Joe Hahn's negligence, the Brute sled hauling adult and children passengers crashed into Plaintiff, K.C.

29. The incident is recorded on video.

30. Immediately after the crash, the Brute sled hauling adult and children passengers remained on top of K.C. and had to be physically lifted off of K.C. after the passengers got out of the sled.

31. Plaintiff Courtney Waggoner witnessed the entire incident of the snow machine and sled, driven by Randy Joe Hahn, crashing into her minor child, K.C.

32. As a result of the crash, K.C. sustained serious and permanent personal injuries, including a fracture to her spine, a fracture to her ankle, hospitalization, surgery, unremitting pain, and physical and emotional distress.

33. Defendant, United States of America is vicariously liable for the negligence of its employee and/or agent, Randy Joe Hahn.

34. Defendant, United States of America was negligent in its supervision, training, and entrustment of the snow machine to Hahn.

35. The Defendant is liable for negligent infliction of emotional distress.

36. As a direct and proximate cause of Defendant's negligence, Plaintiffs have and will suffer economic damages, including but not limited to, expenses for medical treatment and other forms of therapy and remediation, loss of earnings and earning capacity, loss of household and non-market services, and other incidental, consequential and out-of-pocket expenses and damages.

37. As a direct and proximate cause of Defendant's negligence, Plaintiffs have and will suffer non-economic damages, including but not limited to, pain and suffering, inconvenience, loss of enjoyment of life, and other damages.

38. As a direct and proximate cause of Defendant's negligence, Plaintiff Courtney Waggoner has and will suffer loss of consortium.

WHEREFORE, Plaintiffs pray for judgment as follows:

1.      Compensatory damages to each Plaintiff in excess of $100,000, the exact amount to

be proven at trial.

2.      Costs and attorney fees as may be allowable.

3.      Any other relief the court may deem appropriate.

PLAINTIFFS RESERVE THE RIGHT TO AMEND THIS COMPLAINT.

        DATED at Anchorage, Alaska this 5th day of October, 2020.

                        LIBBEY LAW OFFICES, LLC
                        Attorneys for Plaintiffs

                        s/Daniel Libbey
                        Daniel Libbey #0012105

                        s/Colleen Libbey
                        Colleen Libbey #0012104

COMPLAINT                                                          Page **6** of **6**
*Waggoner, et al. v. United States of America*
Case 3:20-cv-00250-JWS   Document 1   Filed 10/06/20   Page 6 of 6