IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

COURTNEY WAGGONER, individually and as parent and next friend on behalf of her Minor Child, K.C.,

Plaintiffs,

vs.

UNITED STATES OF AMERICA,

Defendant.

No. 3:20-cv-0250-HRH

O R D E R

Motion for Judgment on the Pleadings

Defendant the United States of America moves for judgment on the pleadings.[1] This motion is opposed by plaintiffs Courtney and K.C. Waggoner.[2] Oral argument was requested but is not deemed necessary.

Background

Plaintiffs allege that on December 21, 2018, Courtney and K.C. attended the Winterfest event at Hillberg Ski Area on Joint Base Elmendorf Richardson ("JBER").[3]

---

[1]Docket No. 27.

[2]Docket No. 32.

[3]Complaint at 3, ¶ 16, Docket No. 1.

-1-

Plaintiffs allege that they "were offered sleds by the Hillberg Ski Area staff and directed to the designated sledding area."[4] Plaintiffs allege that K.C. and other children were sledding in the designated sledding area when defendant's employee, "Randy Joe Hahn[,] approached the runout to the designated sledding area" on a snowmachine which "was towing a Brute sled and hauling adult and children passengers...."[5] Plaintiffs allege that "[w]hile approaching the runout to the sledding hill, Randy Joe Hahn paused briefly, then began moving again, driving his snowmachine and hauling adult and children passengers, directly into the runout area for the designated sledding area."[6] Plaintiffs allege that the sled that Hahn was towing "crashed into" K.C.[7] Plaintiffs allege that "[i]mmediately after the crash, the Brute sled hauling adult and children passengers remained on top of K.C. and had to be physically lifted off of K.C. after the passengers got out of the sled."[8] Plaintiffs allege that Courtney "witnessed the entire incident...."[9] Plaintiffs allege that "[a]s a result of the crash, K.C. sustained serious and permanent personal injuries, including a fracture to her spine, a

---

[4] Id. at 3, ¶ 18.

[5] Id. at 3-4, ¶¶ 19-20; 23-24.

[6] Id. at 4, ¶ 26.

[7] Id. at 4, ¶ 27.

[8] Id. at 4, ¶ 30.

[9] Id. at 5, ¶ 31.

fracture to her ankle, hospitalization, surgery, unremitting pain, and physical and emotional distress."[10]

On October 6, 2020, after having exhausted their administrative remedies, plaintiffs commenced this Federal Tort Claims Act ("FTCA") action. In their complaint, plaintiffs assert a negligent supervision, training, and entrustment claim; a vicarious liability claim; a negligent infliction of emotional distress claim; and a loss of consortium claim.

Defendant answered plaintiffs' complaint on December 14, 2020. A scheduling and planning order was entered on January 7, 2021. Fact discovery is set to close on September 1, 2023, although discovery in this case was recently stayed pending the outcome of the instant motion.[11]

Pursuant to Rule 12(c), Federal Rules of Civil Procedure, defendant now moves to dismiss plaintiffs' complaint on the pleadings.

## Discussion

Rule 12(c) provides that "[a]fter the pleadings are closed--but early enough not to delay trial--a party may move for judgment on the pleadings." In deciding a Rule 12(c) motion, the court "accept[s] all factual allegations in the complaint as true and construe[s] them in the light most favorable to the non-moving party." Herrera v. Zumiez, Inc., 953 F.3d 1063, 1068 (9th Cir. 2020). "[A] Rule 12(c) motion for judgment on the pleadings is

---

[10]Id. at 5, ¶ 32.

[11]Order re Joint Motion to Stay, Docket No. 38.

properly granted only when, 'taking all the allegations in the pleadings as true, the moving party is entitled to judgment as a matter of law.'" Id. (quoting Heliotrope Gen., Inc. v. Ford Motor Co., 189 F.3d 971, 978–79 (9th Cir. 1999)). "[W]hen ruling on" a Rule 12(c) motion, "'courts must consider the complaint in its entirety, as well as other sources ..., in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice.'" Webb v. Trader Joe's Co., 999 F.3d 1196, 1201 (9th Cir. 2021) (quoting Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007)). If "matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d). Here, both parties submitted matters outside the pleadings. However, the court has not considered these matters in deciding the instant motion. The court has only considered the complaint and the video[12] which was referenced in the complaint.

Defendant first moves for judgment on the pleadings on plaintiffs' vicarious liability claim. "The United States has sovereign immunity and cannot be sued without its consent. One important immunity waiver that allows suits against the federal government is the FTCA." Lam v. United States, 979 F.3d 665, 671–72 (9th Cir. 2020). "Under the FTCA, the United States may be held liable for 'personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government ... under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the

---

[12]Docket No. 28.

-4-

law of the place where the act or omission occurred.'" Steinle v. United States, 17 F.4th 819, 821–22 (9th Cir. 2021) (quoting 28 U.S.C. § 1346(b)(1)). Here, the alleged negligence occurred in Alaska, so Alaska state law applies.

Although plaintiffs' complaint makes no mention of the Alaska Ski Safety Act of 1994, the parties agree that the Act applies to this action because, as defined by the Act, defendant is a "ski operator," Hillberg Ski Area is a "ski area," and K.C. was a "skier."[13] AS 05.45.200(6), (7), (8)(B). The Alaska Ski Safety Act provides that "[a] ski area operator ... who violates a requirement of this chapter ... is negligent and civilly liable to the extent the violation causes injury to a person or damage to property." AS 05.45.020(a). But, the Alaska Ski Safety Act also provides that "a violation of the ... skier duties imposed under AS 05.45.100 is a complete defense in an action against a ski area operator if the violation is determined to be a contributory factor in the resulting injury, unless the ski area operator has violated a requirement of this chapter[.]" AS 05.45.020(b)(2). Under the Act, "a skier has the duty to maintain control of the skier's speed and course at all times when skiing and to maintain a proper lookout so as to be able to avoid other skiers and objects." AS 05.45.100(b). A skier also has a duty to "stay clear of snow grooming equipment, vehicles, lift towers, signs, and other equipment on the ski slopes and trails." AS 05.45.100(d) (emphasis added).

---

[13] A "skier" for purposes of the Alaska Ski Safety Act includes "an individual using a downhill ski area for the purpose of ... sliding downhill on snow or ice on skis, a toboggan, [or] a sled[.]" AS 05.45.200(8)(B).

Defendant argues that plaintiffs' complaint alleges that K.C. breached her duty to maintain control of her speed and course so as to avoid objects and her duty to stay clear of vehicles because the complaint alleges that K.C. was sledding down the hill when she crashed into the sled being pulled by Hahn's snowmachine. In short, defendant argues that the complaint alleges that K.C.'s injuries and Courtney's emotional distress were the result of K.C.'s collision with a vehicle while K.C. was sledding down the hill. Defendant contends that nowhere in the complaint are there any allegations that Hillberg had violated any of its duties under the Alaska Ski Safety Act. Thus, defendant argues K.C.'s breach of her duties under the Act is a complete defense to plaintiffs' vicarious liability claim.

Defendant cites to Philippi v. Sipapu, Inc., 961 F.2d 1492 (10th Cir. 1992), in support of its argument. There, the court considered the New Mexico Ski Safety Act, which is similar to the Alaska Ski Safety Act, in that it provides "that a skier cannot recover for injuries or damages resulting from the skier's own violation of his duties[.]" Id. at 1495. Philippi had been injured "during the course of a skiing lesson" and the defendant argued that it was not liable, in part, because the plaintiff had breached his duty under the Act. Id. at 1493. The court found that "Philippi had the duty to ski within the limits of his own ability" and that "the Act allocates to the skier the risks for the type of injury" that Philippi alleged. Id. at 1495. Defendant argues that similarly here, the Alaska Ski Safety Act prevents a sledder who fails to maintain control and avoid collisions with vehicles to recover damages because the sledder breached her duties under the Act.

Defendant's reliance on Philippi is misplaced because plaintiffs have not alleged that K.C. was breaching any of her skier duties. Nowhere in their complaint do plaintiffs allege that K.C. breached any of her duties under the Alaska Ski Safety Act. Rather, plaintiffs' complaint alleges that K.C. was sledding down the bunny hill, the area designated for sledders, when Hahn pulled out in front of her and "crashed into" her.[14]

Contrary to defendant's contention, it is not sufficient that the complaint alleges that K.C. was sledding down the hill when the sled that Hahn was pulling crashed into her. Defendant argues that a reasonable inference that can be drawn from these alleged facts is that K.C. failed to maintain her control and speed in order to avoid the object at the bottom of the hill and that she breached her duty to stay clear of vehicles. But, an equally reasonable inference that can be drawn from the factual allegations in the complaint is that K.C. was abiding by her duties under the Alaska Ski Safety Act when Hahn negligently pulled out in front of her, causing K.C. to crash into the sled he was pulling. On a Rule 12(c) motion, the court construes the facts as alleged in the light most favorable to the non-moving party, here plaintiffs. Thus, defendant has not shown that it is entitled to judgment as a matter of law on plaintiffs' vicarious liability claim, and its motion for judgment on the pleadings as to this claim is denied.[15]

---

[14]Complaint at 4, ¶ 27, Docket No. 1.

[15]Because the court is denying the motion for judgment on the pleadings on the vicarious liability claim because plaintiffs have not alleged that K.C. had violated her duties under the Act, the court need not consider plaintiffs' arguments that defendant violated its
(continued...)

Defendant next moves for judgment on the pleadings on plaintiffs' negligent supervision, training, and entrustment claim. Defendant argues that it is entitled to judgment on the pleadings on this claim because it has not waived its sovereign immunity as to this claim. "Sovereign immunity is a jurisdictional issue." Harper v. United States Dep't of the Interior, 571 F.Supp.3d 1147, 1170 (D. Idaho 2021). "A Rule 12(c) motion for judgment on the pleadings may assert a lack of subject matter jurisdiction." Strojnik v. Portola Hotel, LLC, Case No. 19-cv-07579-VKD, 2021 WL 1022880, at *2 (N.D. Cal. March 17, 2021). "[T]he [c]ourt's analysis of a Rule 12(c) motion that raises a question of subject matter jurisdiction conforms to the analysis required for a Rule 12(b)(1) motion." Id.

"A Rule 12(b)(1) jurisdictional attack may be facial or factual." Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Circ. 2004). Here, defendant has made a facial attack. "In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction." Id. "The district court resolves a facial attack as it would a motion to dismiss under Rule 12(b)(6): Accepting the plaintiff's allegations as true and drawing all reasonable inferences in the plaintiff's favor, the court

---

¹⁵(...continued)
duties under the Alaska Ski Safety Act, that defendant ignored its own policies on snowmachine operation, or that defendant is not entitled to judgment on the pleadings because K.C.'s injuries did not result from an inherent danger and risk of skiing. As to this final argument, the court would note that this is not an inherent danger and risk of skiing case. Defendant has not argued that K.C.'s injuries were the result of an inherent danger and risk of skiing.

-8-

Case 3:20-cv-00250-HRH   Document 39   Filed 03/20/23   Page 8 of 15

determines whether the allegations are sufficient as a legal matter to invoke the court's jurisdiction." Leite v. Crane Co., 749 F.3d 1117, 1121 (9th Cir. 2014).

"The FTCA's broad waiver of sovereign immunity is subject to a number of exceptions, including the discretionary function exception...." Nanouk v. United States, 974 F.3d 941, 944 (9th Cir. 2020). "That exception preserves the United States' immunity from suit as to any claim 'based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused.'" Id. (quoting 28 U.S.C. § 2680(a)). "The government bears the burden of establishing that the exception applies." Id.

Courts apply "a two-step test to determine whether the discretionary function exception is applicable." Id. at 944-45. But, "[b]efore [the court] can apply the two-step test, [it] must identify which specific actions or omissions the plaintiff alleges were negligent or wrongful." Id. at 945. Here, plaintiffs allege that defendant was "negligent in its supervision, training, and entrustment of the snow machine to Hahn."[16]

"Under the first step" of the discretionary function exception test, the court "ask[s] whether the act or omission on which the plaintiff's claim is based was discretionary in nature—that is, whether it 'involve[d] an element of judgment or choice.'" Id. (quoting Berkovitz v. United States, 486 U.S. 531, 536 (1988)). "'If the employee's conduct involved

---

[16]Complaint at 5, ¶ 34, Docket No. 1.

-9-

an element of judgment or choice," the court turns "to the second step of the analysis, which asks whether the discretionary decision challenged by the plaintiff 'is of the kind that the discretionary function exception was designed to shield.'" Id. (quoting Berkovitz, 486 U.S. at 536). "The government ... prevails at step two if it can show that the decision challenged by the plaintiff is 'susceptible to policy analysis.'" Id. (quoting United States v. Gaubert, 499 U.S. 315, 325 (1991)).

As for the first step, defendant argues that the training and supervision of the Hillberg employees involved an element of choice. Defendant argues that plaintiffs have not alleged that defendant had any mandatory duty to train or supervise the ski area employees in any particular manner. Rather, defendant argues that the manner in which the snowmachine drivers such as Hahn were trained and supervised was within its discretion and that exercising this discretion required it to decide how to allocate staff, training resources, and employee time.

Plaintiffs, however, argue that the training and supervision of Hahn and the entrustment of the snowmachine to him did not involve an element of choice. When "'a federal statute, regulation, or policy specifically prescribe[s] a course of action[,]'" then "'the agency's actions are not discretionary[.]'" O'Toole v. United States, 295 F.3d 1029, 1033 (9th Cir. 2002) (quoting Berkovitz, 486 U.S. at 536). "There can be no exercise of discretion where an agency has no rightful option but to adhere to [a] directive." Id. (citation omitted). Here, plaintiffs argue that defendant failed to adhere to its own policies regarding the training

-10-

and supervision of its employees and entrustment of snowmachines to its employees as set out in the Hillberg Ski Area Snow Machine Operation Orientation.[17] But, as stated above, the court has not considered matters beyond the pleading, and so the court did not consider this exhibit.

While it may be likely that defendant's training and supervision of Hillberg employees like Hahn involved an element of choice, the court cannot make such a determination based on the pleadings in this case. Defendant made a facial challenge, which means that it would have to be clear from the face of plaintiffs' complaint that defendant's training and supervision of its employees involved an element of choice. But, there is nothing in the complaint that suggests that defendant's training and supervision involved an element of choice. Similarly, there is nothing in the complaint that suggests that defendant's training and supervision did not involve an element choice.

The same is true as to the second part of the discretionary function exception test. Defendant points out that the Ninth Circuit has held "'that decisions relating to the hiring, training, and supervision of employees usually involve policy judgments of the type Congress intended the discretionary function exception to shield.'" Miller v. United States, 992 F.3d 878, 886 (9th Cir. 2021) (quoting Vickers v. United States, 228 F.3d 944, 950 (9th Cir. 2000)). And, defendant argues that its decisions regarding the supervision and training of Hillberg employees implicate social and economic policy considerations. But, the court

---

[17]Exhibit H, Plaintiffs' Opposition [etc.], Docket No. 32.

cannot tell from the face of plaintiffs' complaint that defendant's training and supervision of its employees involved policy considerations, although it is likely that it did.

Defendant's argument as to the discretionary function exception seems largely based on the fact that the Ninth Circuit has "held the hiring, supervision, and training of employees to be discretionary acts." Doe v. Holy See, 557 F.3d 1066, 1084 (9th Cir. 2009) (citing Nurse v. United States, 226 F.3d 996, 1001 (9th Cir.2000), which held that claims of "'negligent and reckless employment, supervision and training of'" employees "'fall squarely within the discretionary function exception'"); and Burkhart v. Washington Metro. Area Transit Auth., 112 F.3d 1207, 1217 (D.C. Cir. 1997), which held that "'decisions concerning the hiring, training, and super[vision]'" of employees are discretionary). Defendant may be correct that the same holds true here, but the court cannot make such a decision based on the allegations in plaintiffs' complaint.

But even if the court has jurisdiction of plaintiffs' negligent supervision, training, and entrustment claim, defendant argues that this claim should still be dismissed for failure to state a plausible claim. Defendant argues that plaintiffs' complaint is devoid of any factual support for their allegation that the "United States was negligent in its supervision, training, and entrustment of the snow machine to Hahn."[18] Defendant contends that plaintiffs have not alleged any specific details about defendant's supervision and training of its snowmachine operators that would suggest negligence on defendant's part.

---

[18]Complaint at 5, ¶ 34, Docket No. 1.

Plaintiffs, however, argue that they have stated a plausible claim of negligent training, supervision, and entrustment because Alaska recognizes the doctrine of res ipsa loquitur. "The res ipsa loquitur doctrine applies only 'when an accident ordinarily does not occur in the absence of negligence.' It allows a plaintiff claiming negligence to rely upon circumstances surrounding an injury as an inferential bridge for establishing breach of a duty of care." Conley v. Alaska Communications Systems Holdings, Inc., 323 P.3d 1131, 1140 (Alaska 2014) (quoting Falconer v. Adams, 974 P.2d 406, 414 n. 12 (Alaska 1999)).

> "The doctrine should be applied when:
>
> (1) the accident is one which ordinarily does not occur in the absence of someone's negligence;
>
> (2) the agency or instrumentality is within the exclusive control of the defendant;
>
> (3) the injurious condition or occurrence was not due to any voluntary action or contribution on the part of the plaintiff."

State Farm Fire & Cas. Co. v. Municipality of Anchorage, 788 P.2d 726, 730 (Alaska 1990) (quoting Widmyer v. Southeast Skyways, Inc., 584 P.2d 1, 11 (Alaska 1978)).

Plaintiffs argue that a snowmachine pulling passengers would ordinarily not be driven in front of a child sledding on the Bunny slope unless someone was acting negligently; the snowmachine and sled were within defendant's exclusive control; and K.C. did not contribute to the accident. Thus, plaintiffs argue that res ipsa loquitor could apply here, which they contend means that their negligent supervision, training, and entrustment claim is plausible.

The doctrine of res ipsa loquitor cannot save plaintiffs' negligent supervision, training and entrustment claim. The res ipsa loquitur doctrine requires that the plaintiff first establish duty and proximate cause. As the Alaska Supreme Court has explained, "[t]he doctrine, where applicable, is a bridge, dispensing with the requirement that a plaintiff specifically prove breach of duty, once that duty and proximate cause have been established." Hakensen v. Ennis, 584 P.2d 1138, 1139 (Alaska 1978) (quoting Widmyer, 584 P.2d at 10). Here, plaintiffs have not pled that the alleged negligent training and supervision of Hahn was the proximate cause of K.C.'s injuries. Rather, they have pled that Hahn's negligence was the cause of K.C.'s injuries.

Plaintiffs' complaint is entirely devoid of any factual support for their negligent training, supervision, and entrustment claim. As currently pled, this claim is not plausible, and defendant's motion for judgment on the pleadings on this claim is granted.

"The [c]ourt, however, has discretion to grant a motion for judgment on the pleadings with leave to amend." Haller v. Advanced Indus. Computer Inc., 13 F.Supp.3d 1027, 1030 (D. Ariz. 2014). Thus, plaintiffs are given leave to amend their complaint. Defendant's argument that plaintiffs should not be given leave to amend because it is too late for her to do so is not well taken. Discovery in this case is ongoing and if it were not too late for defendant to file a Rule 12(c) motion, it is not too late for plaintiffs to file an amended complaint. Defendant's futility argument also fails. The court is not convinced that it would be futile for plaintiffs to amend their claims.

-14-

Conclusion

Defendant's motion for judgment on the pleadings is granted in part and denied in part. The motion is denied as to plaintiffs' vicarious liability claim and is granted as to plaintiffs' negligent supervision, training, and entrustment claim.[19] Plaintiffs' negligent supervision, training, and entrustment claim is dismissed. Plaintiffs are given leave to amend their complaint. Plaintiffs, if they wish, may file an amended complaint as to both their supervision, training and entrustment claim and their vicarious liability claim. Although plaintiffs' vicarious liability claim has survived defendant's motion for judgment on the pleadings, amendment of that claim might be appropriate in light of the fact that plaintiffs' complaint makes no mention of the Alaska Ski Safety Act, which the parties agree applies in this case. Should plaintiffs elect to file an amended complaint, that complaint shall be filed on or before April 10, 2023.

The parties are also reminded that they are to confer and submit an amended proposed scheduling and planning order within two weeks of the date of this order. The stay on discovery resulting from the court's stay order[20] is lifted.

DATED at Anchorage, Alaska, this 20th day of March, 2023.

/s/ H. Russel Holland
United States District Judge

---

[19] Defendant made no argument as to plaintiffs' negligent infliction of emotional distress claim or loss of consortium claim; so these claims also survive the instant motion.

[20] Docket No. 38.

-15-